DIRECTV, INC., Plaintiff,

v.

Denise HAMILTON and Majmud Salej, Defendants.

No. 02 Civ. 3518(VM).

United States District Court, S.D. New York.

May 6, 2003.

Dryden Jonathan Liddle, Kirkland & Ellis, New York City, Elizabeth K. Cheung, Kirkland & Ellis, Washington, DC, for DIRECTV, Inc.

Pasquale Botta, New York City, pro se.

Daniel J. Bloom, Bloom & Bloom, PC, New Windsor, NY, for Jack Shapiro.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiff DIRECTV, Inc. ("DIRECTV") brought this action alleging theft or satellite transmission in violation of 17 U.S.C. § 1201(a)(1), 47 U.S.C. § 605(a) and 18 U.S.C. §§ 2510–2521. A default judgment was entered against defendants Denise Hamilton and Majmud Salej on September 23, 2002 by the Honorable Allen G. Schwartz, who then referred the matter to Magistrate Judge George A. Yanthis for a report and recommendation concerning the amount of damages to be awarded plaintiff, plus reasonable attorneys' fees and costs. DIRECTV filed a timely written inquest submission. Defendant Salej ("Salej") failed to respond; defendant Hamilton ("Hamilton") responded by letter.

Magistrate Judge Yanthis issued a Report and Recommendation dated April 23, 2003 (the "Report") recommending to this Court, to which the case was subsequently reassigned, that it: (1) award DIRECTV damages against Salej in the amount of $2,000.00, plus attorneys' fees and costs in the amount of $1,500.00, and (2) vacate the default judgment against Hamilton. The Report is attached and incorporated hereto. The Court has received no objections or other responses from any of the parties.

The Court has considered Magistrate Judge Yanthis's findings and conclusions with respect to DIRECTV's specific claims

for damages against each defendant. In examining the materials on the record pertinent to DIRECTV's claims, the Court is satisfied that Magistrate Judge Yanthis's findings and reasoning, as well as the authorities cited in support of the entry of judgment against Salej in the amounts recommended, as well as the vacatur of the default judgment entered against Hamilton, are sufficient to sustain the conclusions set forth in the Report. Accordingly, the Court accepts and adopts the Report in its entirety.

For the foregoing reasons, it is hereby

**ORDERED** that the Report and Recommendation issued herein by Magistrate Judge George A. Yanthis on April 23, 2003 is adopted; and it is further

**ORDERED** that in accordance with the default judgment entered against defendant Majmud Salej on September 23, 2002, further judgment be entered against Salej in the amount of Two Thousand Dollars ($2,000.00), plus attorneys' fees and costs in the amount of One Thousand Five Hundred Dollars ($1,500.00); and it is further

**ORDERED** that the default judgment entered on September 23, 2002 against defendant Denise Hamilton is vacated in accordance with Fed. R. Ci. P. 55(c) and 60(b); and it is finally

**ORDERED** that DIRECTV and Hamilton appear at a conference with the Court on May 16, 2003 at 9:30 a.m. to discuss the status of the case and scheduling of pretrial proceedings.

**SO ORDERED.**

## REPORT AND RECOMMENDATION

YANTHIS, United States Magistrate Judge.

Plaintiff DIRECTV, Inc. ("DIRECTV") brought this action alleging theft of satellite transmissions in violation of 17 U.S.C. § 1201(a)(1), 47 U.S.C. § 605(a) and 18 U.S.C. §§ 2510–2521. On September 23, 2002, the Honorable Allen G. Schwartz entered a default judgment against defendants Denise Hamilton and Majmud Salej. On September 24, 2002, Judge Schwartz referred

this matter to the undersigned to report and recommend the amount of damages to be awarded plaintiff, plus reasonable attorneys' fees and costs. Plaintiff, in response to my direction, filed a timely written inquest submission. Defendant Salej failed to respond; defendant Hamilton responded by letter. For the reasons that follow, I respectfully recommend that Your Honor (1) award plaintiff damages against defendant Majmud Salej in the amount of $2,000.00, plus attorneys' fees and costs in the amount of $1,500.00 and (2) vacate the default judgment against defendant Denise Hamilton.

## BACKGROUND

The facts pertinent to determination of this motion are set forth in the Complaint, in the Clerk's Certificate of Default and in the affidavits, affirmations and exhibits submitted by plaintiff.

DIRECTV provides satellite television programming to homes and businesses throughout the United States on a subscription and pay-per-view basis. Each customer is required to purchase a DIRECTV Access Card and other system hardware. In order to protect its satellite transmissions from theft and unauthorized reception, DIRECTV encrypts or "scrambles" the signals to all programming which a subscriber has not purchased.

DIRECTV alleges that defendants Salej and Hamilton purchased and used illegally modified DIRECTV Access Cards and other devices ("Pirate Access Devices") that are designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV. Specifically, DIRECTV alleges that (1) on or about February 13, 2001, defendant Salej purchased two Pirate Access Devices from DSS–Stuff and (2) on or about March 8, 2001, defendant Hamilton purchased a Pirate Access Device from Vector Technologies. DIRECTV learned of these transactions upon inspection of Vector Technologies' and DSS–Stuff's business records which were seized pursuant to Writs of Seizure executed on May 25, 2001.

## DISCUSSION

### A. Majmud Salej

■ Defendant Majmud Salej has failed to appear or defend in this action and has been adjudged in default. Once a default judgment is entered, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Bambu Sales, Inc. v. Ozak Trading, Inc.,* 58 F.3d 849, 854 (2d Cir.1995). However, "[w]hile a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir.1974). In determining damages not susceptible to simple mathematical calculation, a court has the discretion to rely on detailed affidavits or documentary evidence in lieu of an evidentiary hearing. *See Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 508 (2d Cir.), *cert. denied,* 503 U.S. 1006, 112 S.Ct. 1763, 118 L.Ed.2d 425 (1992) (internal citation omitted); Fed.R.Civ.P. 55(b)(2). Moreover, the moving party is entitled to all reasonable inferences from the evidence it offers. *See Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir.1981) (internal citation omitted).

■ DIRECTV seeks to recover statutory damages under 47 U.S.C. § 605(e)(3)(C). For each violation of 47 U.S.C. § 605(a), a court may award the aggrieved party a statutory damage award of "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). DIRECTV seeks maximum statutory damages of $20,000.00, based upon defendant's purchase of two illegal devices. However, plaintiff has failed to proffer any justification for an award in excess of the statutory minimum. Accordingly, I conclude that plaintiff is entitled to damages against defendant Salej in the amount of $2,000.00, based upon the statutory minimum of $1,000.00 for each violation.

### B. Denise Hamilton

On October 28, 2002, this Court received a letter from defendant Denise Hamilton (with

supporting documentation attached) in which she contends that she was not living at home during the time frame in question and that she did not return to her residence until September 8, 2001. In response to Hamilton's letter, this Court held a telephone conference on January 28, 2003, at which time I informed the parties that I construed Hamilton's letter as a motion to vacate the default judgment and directed plaintiff to respond by February 11, 2002. Plaintiff timely filed opposition papers.

■■■ Pursuant to Fed.R.Civ.P. 55(c), a court may set aside a default judgment in accordance with Fed.R.Civ.P. 60(b), which states in relevant part:

> On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, or any other reason justifying relief from the operation of the judgment."

In deciding whether to grant a motion to vacate a default judgment, the Court should consider "(1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir.1996) (quotation and citation omitted). "All doubts are to be resolved in favor of the party seeking relief from judgment to facilitate resolution of disputes on their merits." *Corchia v. Metropolitan Life Ins. Co.*, No. 94 Civ. 7058(JFK), 1996 WL 18953, at *1 (S.D.N.Y. Jan. 17, 1996) (quotation and citation omitted).

■■■ Here, plaintiff argues that Hamilton's motion to vacate should be denied because her default was willful and she lacks a meritorious defense. Contrary to plaintiff's assertions, there is no indication in the record that Hamilton's default was willful. "Imprudent, inattentive, careless, or even negligent handling of a case, although not to be condoned, does not demonstrate willfulness." *Gravatt v. City of New York*, No. 97 Civ.

0354(RWS), 1997 WL 419955, at *3 (S.D.N.Y. July 28, 1997) (quotation and citation omitted). Further, Hamilton's defense is sufficiently meritorious to support vacatur of the default. Finally, plaintiff has not shown that it would be prejudiced by the Court's granting the motion to vacate. Accordingly, I conclude, and respectfully recommend, that defendant Hamilton's motion to vacate the default judgment should be granted.

## C. *Attorneys' Fees*

■■■ DIRECTV seeks to recover attorneys' fees in the amount of $11,245.12 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), which authorizes a court to award to a "prevailing aggrieved party" the costs and reasonable attorneys' fees which it incurred in prosecuting its claims to judgment.[1] In support of its application for attorneys' fees, plaintiff has submitted an affidavit as well as detailed, contemporaneous time records. I have reviewed these submissions and cannot conclude that the amount requested represents a reasonable fee. In the first instance, plaintiff failed to provide information as to the specific hourly rates charged or the justification therefor. Additionally, based upon the Court's experience with cases of this nature, I am persuaded that these types of cases are routine, straightforward and do not require extensive research. In sum, I respectfully recommend that the amount of $1,500.00 constitutes reasonable attorneys' fees in conjunction with obtaining the default judgment against defendant Salej.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that this Court (1) grant defendant Denise Hamilton's motion to vacate the default judgment and (2) enter an Order awarding plaintiff damages against defendant Majmud Salej in the amount of $2,000.00, plus attorneys' fees and costs in the amount of $1,500.00.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed.R.Civ.P., the

---

**1.** Plaintiff requests this amount as against both defendants, Salej and Hamilton.

parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. *See* Fed. R.Civ.P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Victor Marrero, 40 Centre Street, Room 414, New York, N.Y. 10007 and to the chambers of the undersigned at 300 Quarropas Street, Room 116, White Plains, N.Y. 10601.

Failure to file timely objections to this Report and Recommendation will preclude appellate review of any order of judgment that will be entered. *See Small v. Secretary of H.H.S.*, 892 F.2d 15, 16 (2d Cir.1989).

Requests for extensions of time to file objections shall be made to The Honorable Victor Marrero and not to the undersigned.

Dated April 23, 2003.