**DIRECTV, INC., Plaintiff,**

v.

**Nick GUZZI, and, Kimberly Guzzi, Defendants.**

No. 03–CV–73904, 03–CV–73905.

United States District Court,
E.D. Michigan,
Southern Division.

March 18, 2004.

Josh Johnson, Yarmuth Wilsdon, Seattle, WA, Norman C. Ankers, Honigman, Miller, Detroit, MI, for Plaintiff.

None–Defendants have defaulted, for Defendants.

*ORDER GRANTING DEFAULT JUDG-*
*MENT AS TO LIABILITY ONLY*
*AGAINST DEFENDANTS · NICK*
*GUZZI AND KIMBERLY GUZZI,*
*AND AUTHORIZING POST–JUDG-*
*MENT DISCOVERY*

STEEH, District Judge.

Plaintiff DirecTV ("DTV") moves separately for entry of default judgment against each of the defendants Nick Guzzi and Kimberly Guzzi in the amount of $10,000.00 in statutory damages pursuant to 18 U.S.C. § 2520(c)(2)(B), and $850.00 in attorney fees under 18 U.S.C. § 2520(b)(3). Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument[1].

## I. Background

DTV filed a complaint on June 19, 2003 (Case No. 03–CV–72393) against Nick Guzzi, Kimberly Guzzi, and several others, alleging that each defendant pirated or attempted to pirate DTV's encrypted satellite television transmissions using what is referred to in the industry as "pirate access devices." The claims against the Guzzis were severed under Eastern District of Michigan Administrative Order No. 03–AO–021 into the present Case Nos. 03–CV–73904 (Nick Guzzi) and 03–CV–73905 (Kimberly Guzzi). DTV alleges Nick Guzzi purchased a pirate access device on April 12, 2001 from "Vector Technologies," while Kimberly Guzzi purchased a pirate access device from "Vector Technologies" on November 20, 2000. Both devices were allegedly delivered to the Guzzi's Flatrock, Michigan address. Nick Guzzi's default

entered on October 24, 2003. Kimberly Guzzi's default entered on October 28, 2003.

On November 12, 2003, DTV moved separately for entry of default judgment against the Guzzis, seeking $10,000.00 in statutory damages and $850.00 in attorney fees against each defendant under 18 U.S.C. §§ 2520(b)(3) and (c)(2)(B). The court instructed DTV to file supplemental briefs to support its position that DTV was entitled to recover $10,000.00 in statutory damages against each · defendant. DTV filed supplemental briefs on February 11, 2004.

## II. Analysis

■ At the outset, this court held in *DirecTV v. Karpinsky*, 269 F.Supp.2d 918, 926 (E.D.Mich. June 17, 2003), *vacated in part on other grounds*, 274 F.Supp.2d 918 (July 31, 2003), that to recover civil damages for violations of 47 U.S.C. § 605(a), 18 U.S.C. § 2511(1)(a), or 18 U.S.C. § 2512(1)(b), DirecTV must prove that a defendant received, intercepted, disclosed, or intentionally used DirecTV's encrypted satellite transmissions; mere possession of a pirate access device alone is insufficient to support an award of damages. DTV alleges in Counts I and II[2] that the Guzzis each "received and/or assisted others in receiving DIRECTV's satellite transmissions," and "intentionally intercepted ... DIRECTV's satellite transmission ...." Complaint, ¶¶ 20, 24, at 7, 8. Consistent with *Karpinsky*, both Nick Guzzi and Kimberly Guzzi may be held civilly liable under Counts I and II for damages and attorney fees under 18 U.S.C. § 2520. The defendants Guzzis cannot be held liable under

1. Defendants did not appear at a scheduled March 17, 2004 hearing on the motions, prompting the court to conduct a conference in chambers.

2. Count I alleges the unauthorized reception of satellite signals in violation of 47 U.S.C.

§ 605(a), Count · II alleges the unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511(1)(a), and Count III alleges possession of pirate access devices in violation of 18 U.S.C. § 2512(1)(b). Complaint, at 7–9.

Count III, however, alleging the mere possession of a pirate access device.

18 U.S.C. § 2520(c)(2) provides that the court "*may* assess as damages whichever is the greater of—(A) the sum of the actual damages suffered by the plaintiff ...; or (B) statutory damages of whichever is the greater of $100.00 a day for each day of violation or $10,000." (emphasis added). DTV does not seek actual damages or damages calculated at $100.00 per day, but instead seeks the $10,000.00 statutory damage award available under 18 U.S.C. § 2520(c)(2)(B) [3]. DTV relies upon *Dorris v. Absher,* 179 F.3d 420 (6th Cir. 1999) for the procedure to be used in calculating an appropriate award of damages under § 2520(c)(2)(B).

The Sixth Circuit held in *Absher* Court that: (1) the $10,000.00 statutory award is a one-time award designed to compensate the plaintiff for all violations of the statute, where the defendant's misdeeds arise out of a closely related course of conduct that takes place over a relatively short period of time, and; (2) after tentatively determining the appropriate amount of damages under 18 U.S.C. § 2520(c)(2)—actual damages, $100.00 per day for each day of violation, or a "single-sum" $10,000.00 award—"the court should exercise its discretion to determine whether the plaintiff should receive any damages at all in the case before it." *Id.* at 428, 430. The Sixth Circuit agreed with the Fourth and Eighth Circuits in determining that district courts enjoy discretion whether to assess damages under 18 U.S.C. § 2520(c)(2). *Id.* at 429–430 (citing with approval *Nalley v. Nalley,* 53 F.3d 649 (4th Cir.1995); *Reynolds v. Spears,* 93 F.3d 428 (8th Cir.1996)).

*Compare Rodgers v. Wood,* 910 F.2d 444 (7th Cir.1990) (holding that a district court does not enjoy discretion to withhold damages under 18 U.S.C. § 2520(c)(2)). *Absher,* 179 F.3d at 429.

■ In exercising its discretion in deciding whether to award damages under 18 U.S.C. § 2520(c)(2), a district court should make an individualized assessment of each defendant. *Id.* at 430. Factors that may be considered include whether the plaintiff suffered financial harm, the extent to which a violation occurred and unlawfully intercepted signals were disclosed, whether the defendant had a legitimate reason for his or her actions, whether the defendant profited from his or her acts, and whether an award of damages would serve a legitimate purpose. *Id.* at 430; *Reynolds,* 93 F.3d at 436; *Nalley,* 53 F.3d at 654. The court is unable to make a meaningful individualized assessment of damages relative to Nick Guzzi and Kimberly Guzzi from the limited factual record.

■ Federal Rule of Civil Procedure 55(b)(2) governing entry of a default judgment provides in part:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper ....

To determine the amount of damages to be assessed against defendant Nick Guzzi and defendant Kimberly Guzzi, limited discov-

---

**3.** In that DTV alleges each defendant possessed a pirate access device for more than 100 days, DTV could attempt to recover more than $10,000.00 in damages. For example, defendant Nick Guzzi allegedly procured a pirate access device on April 12, 2001, 798 days prior to the filing of DTV's Complaint.

798 days * $100.00/day = $79,800. *See Smoot v. United Transportation Union,* 246 F.3d 633, 643–644 (6th Cir.2001) (holding that "statutory damages under § 2520(c)(2)(B) are limited to $10,000 unless violations of the Act occurred on more than one hundred separate days").

ery is required to develop the individualized facts and circumstances regarding their involvement in unlawfully intercepting DTV's encrypted satellite television transmissions. Accordingly, and consistent with Rule 55(b)(2), DTV is authorized to conduct discovery analogous to a creditor's examination to determine not only the financial status of the defendants, but the extent of each defendant's involvement in pirating DTV's transmissions. DTV should focus its factual inquiry upon the financial harm suffered by DTV as a result of each defendant's actions, the extent to which each defendant unlawfully intercepted signals and disclosed the signals to others, whether each defendant had a legitimate reason for their actions, whether each defendant assisted others in interpreting signals, whether each defendant profited from their acts, and whether an award of damages as against each defendant would serve a legitimate purpose. *Absher*, 179 F.3d at 430; *Reynolds*, 93 F.3d at 436; *Nalley*, 53 F.3d at 654.

### III. Conclusion

For the reasons set forth above, IT IS ORDERED THAT DTV's motions for entry of default judgment against defendants Nick Guzzi and Kimberly Guzzi are hereby GRANTED, IN PART, as to liability ONLY. Defendants Nick Guzzi and Kimberly Guzzi are hereby determined to be civilly liable to DTV under 18 U.S.C. § 2520(c)(2). The remainder of DTV's motion for entry of default judgment is hereby DENIED, without prejudice, with respect to the amount of damages and attorney fees to be assessed against defendant Nick Guzzi and defendant Kimberly Guzzi, pending further development consistent with the analysis herein.

IT IS FURTHER ORDERED that DTV is hereby authorized to conduct discovery for the purpose of developing the factual circumstances necessary to allow the court to properly exercise its discretion in assessing a final damage award under 18 U.S.C. § 2520(c)(2).

SO ORDERED.