**DIRECTV, INC., Plaintiff,**

v.

**James HUYNH, Defendant.**

**Civil Action No. 1:03cv0826–T.**

United States District Court,
M.D. Alabama,
Northern Division.

May 19, 2004.

Enrique Jose' Gimenez, Sara Anne Ford, Suzanne Alldredge Fleming, Lightfoot Franklin & White LLC, Birmingham, AL, for Plaintiff.

James Huynh, Dothan, AL, Pro se.

## OPINION

MYRON H. THOMPSON, District Judge.

Plaintiff DIRECTV, Inc. brought this action against defendant James Huynh alleging violations of the Federal Communication Act of 1934, as amended, 47 U.S.C.A. § 605(a), the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Electronic Communications Privacy Act of 1986, 18 U.S.C.A. §§ 2511(1)(a) & 2512(1)(b), and state law. The claims in this case arise from Huynh's alleged use of devices to receive DIRECTV's satellite television service without paying for it. The court's jurisdiction has been properly invoked. 47 U.S.C.A. § 605(e)(3)(A); 28 U.S.C.A. §§ 1331 & 1367(a). This case is now before the court on DIRECTV's motion to strike Huynh's answer and for default judgment.

### I. Background

DIRECTV provides satellite television programming on a subscription and pay-per-view basis. In order to protect its transmissions from unauthorized reception, DIRECTV encrypts—or scrambles—its satellite signal, and each DIRECTV customer is required to purchase system hardware and an access card. The access cards function as decoders or descramblers; they allow subscribers to view the programming for which they have paid and only that programming.

In order to view DIRECTV programming without paying for it, satellite television pirates have found ways to modify their access cards. In response, DIRECTV has developed electronic countermeasures or ECMs, which are streams of data sent along with its satellite signal that target and disable modified access cards. In turn, the pirates have countered with a variety of devices—referred to as pirate-access devices—that restore their modified access cards' ability to gain unauthorized access to DIRECTV's programming.[1]

On August 21, 2003, DIRECTV filed an amended complaint against Huynh.[2] The complaint alleges that, on or about May 21,

---

1. These counter-ECM pirate-access devices go by names like "bootloaders," "dead processor boot boards," "glitchers," "HU loaders," "emulators," and "unloopers."

2. DIRECTV filed its original complaint in this matter against Huynh and seven other defendants on April 17, 2003. By order entered on August 6, 2003, United States Magistrate Judge Susan Russ Walker ordered that DIRECTV's actions against all of the defendants

2001, Huynh purchased three pirate-access devices. The amended complaint alleges four causes of action. Count one alleges that Huynh received satellite television programming without authorization. 47 U.S.C.A. § 605(a). Count two alleges that Huynh intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept DIRECTV's satellite transmission. 18 U.S.C.A. § 2511(1)(a). Count three alleges that Huynh "manufactured, assembled, distributed, sold, possessed, and/or used pirate access devices, knowing or having reason to know that the design of such devices renders them primarily useful for the purpose of surreptitious interception of DIRECTV's satellite transmissions."[3] 18 U.S.C.A. § 2512(1)(b). Count four alleges a state-law conversion claim. Along with declaratory and injunctive relief, DIRECTV seeks compensatory and punitive damages, attorneys' fees and costs, and statutory damages pursuant to 47 U.S.C.A. § 605(e) and 18 U.S.C.A. § 2520(c)(2)(B). "In the event of a default," according to the amended complaint, DIRECTV seeks "an award of statutory damages of $ 10,000 for each pirate access device purchased and used in violation of 47 U.S.C. § 605(a), and a further award of DIRECTV's reasonable attorneys' fees and costs in the amount of $ 850."[4]

Huynh filed an answer on May 5, 2003, but that was the last time he was heard from on this matter. He did not participate in the Federal Rule of Civil Procedure 26 conference held before the case was severed; he did not respond to requests to participate in a Rule 26 conference after severance; and, he did not respond to written discovery served in July 2003. Further, he failed to appear for the scheduling conference on November 12, 2003, and he did not respond to the court's subsequent order to show cause why he did not appear. Finally, Huynh failed to appear for the court's April 15, 2004, pretrial conference.

After Huynh did not appear at the April 15 pretrial conference, DIRECTV filed the instant motion to strike his answer and for default judgment. The court issued an order directing Huynh to show cause by April 30, 2004, why DIRECTV's motions should not be granted. Huynh did not respond.[5]

## II. Discussion

DIRECTV's motion for default judgment presents three issues: First, is DIRECTV entitled to a default judgment under Rule 16(f) of the Federal Rules of Civil Procedure? Second, has DIRECTV adequately stated its causes of action in its amended complaint such that the court can enter a default judgment? Third, to what relief is DIRECTV entitled?

### A. Rule 16(f)

 DIRECTV brings its motion for default judgment under Rule 16(f) of the Federal Rules of Civil Procedure. Rule 16(f) provides that "[i]f a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Rule 37(b)(2)(C) authorizes the

---

be severed from each other and that DIRECTV file separate amended complaints against each individual defendant.

**3.** Amended Complaint, filed August 21, 2003 (amended complaint), at 9–10.

**4.** Amended complaint at 11.

**5.** The court notes that none of its orders mailed to Huynh's address has been returned. The court thus assumes that Huynh has been aware of these conferences and orders.

court to enter "[a]n order striking out pleadings or parts thereof, or . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." "The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985). Whether to grant a motion for default judgment is within the trial court's discretion. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir.1985).

■ The court concludes that a default judgment is appropriate in this case. Huynh has failed to participate in this case since he filed his answer. He has ignored three scheduled conferences, and he has failed to respond to two show-cause orders. The court also finds that it is more likely than not that Huynh's failure to appear at scheduled conferences is wilful; the fact that he filed an answer and the fact that the court's orders mailed to his address have not been returned indicate that he is aware of the lawsuit. Furthermore, because it appears very unlikely that there will ever be any actual litigation of this matter, other sanctions—such as "refusing to allow [Huynh] to support or oppose designated claims or defenses, or prohibiting [him] from introducing designated matters in evidence," Fed.R.Civ.P. 37(b)(2)(B)—would be ineffectual.

### B. Causes of Action

■■ That the conditions of Rule 16(f) are met in this case does not end the court's inquiry. "[A] defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered. . . . The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) [6]; *see also Bruce v. Wal-Mart Stores, Inc.*, 699 F.Supp. 905, 906 (N.D.Ga.1988) (Forrester, J.); 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 3688, at 63 (3d ed. 1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."). Accordingly, the court must consider whether the allegations in the amended complaint—and the reasonable inferences derived therefrom—state a claim for relief.

The court's efforts in this regard have been hampered by DIRECTV's motion for default judgment, which does not make entirely clear on which counts of its amended complaint it is moving for default judgment. The first sentence of the motion reads, "Plaintiff DIRECTV, Inc . . . ., pursuant to Rules 55[sic] and Rule 16(f) of the Federal Rules of Civil Procedure, 47 U.S.C. § 605 . . .; 18 U.S.C. §§ 2510–2521 . . .; and relevant Local Rules, moves to strike the Answer and for the entry of a Default Judgment against Defendant James Huynh." [7] Later in its motion,

---

**6.** In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**7.** Motion to strike answer and for default judgment, etc., filed April 15, 2004 (motion for default judgment), at 1.

**1128**

however, DIRECTV cites only § 2511(1)(a) and § 2512(1)(b) as the "statutes applicable to this case."[8] Still later in its motion, DIRECTV suggests that it is seeking default judgment on only its § 2512(1)(b) claim: "DIRECTV's Complaint requested that the Court award ... statutory damages of $ 10,000 for each illegal device Huynh purchased and possessed ... in violation of 18 U.S.C. § 2512(1)(b) and 18 U.S.C. § 2520(c)(2)."[9] Notwithstanding DIRECTV's lack of clarity, the court construes its motion as one for default judgment on all three statutory counts.[10] This court thus turns to each of DIRECTV's statutory claims to determine whether it has properly stated a claim for which this court can grant relief.

1. Count One: 47 U.S.C.A. § 605(a)

■ Count one alleges that Huynh violated 47 U.S.C.A. § 605(a), which provides in relevant part that "[n]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." Although § 605(a) is a criminal statute, 605(e)(3)(A) provides that "[a]ny person aggrieved by any violation of [§ 605(a)] or [605(e)(4)] may bring a civil action in a United States district court." Section 605(e)(3)(A) thus authorizes DIRECTV to bring a private cause of action to enforce § 605(a). *See, e.g., DIRECTV*

*v. Tasche,* 316 F.Supp.2d 783, 785, 2004 WL 1040911, at *2 (E.D.Wis. May 4, 2004) (Griesbach, J.).

■ DIRECTV has adequately alleged that Huynh violated § 605(a). In its amended complaint, DIRECTV alleged that Huynh received its satellite transmission without authorization, and, by his default, Huynh has admitted this allegation. Moreover, Huynh has also admitted that he purchased three pirate-access devices, and the court can infer from his possession of the devices that he received DIRECTV's signal without authorization in violation of § 605(a).[11] *See, e.g., DIRECTV, Inc. v. Cardona,* 275 F.Supp.2d 1357, 1362 (M.D.Fla.2003) (Conway, J.) ("[P]ossession of equipment used to intercept satellite transmissions ... is evidence that satellite transmissions were in fact intercepted."). Accordingly, the court finds that DIRECTV's amended complaint properly states a claim for relief under § 605(a) and that, by defaulting, Huynh has admitted his liability for a violation of § 605(a).

2. Count Two: 18 U.S.C.A. § 2511(1)(a)

■ Huynh is similarly liable on count two, DIRECTV's 18 U.S.C.A. § 2511(1)(a) claim. A criminal statute, § 2511(1)(a) provides that "any person who intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or

---

**8.** *Id.* at 4.

**9.** *Id.* at 5. In addition to being confusing, this statement is not accurate. As discussed above, DIRECTV's complaint asks for "an award of statutory damages of $ 10,000 for each pirate access device purchased and used in violation of *47 U.S.C. § 605(a).*" Amended complaint at 11 (emphasis added).

**10.** It is clear that DIRECTV does not seek default judgment on its state-law conversion claim.

**11.** The court emphasizes that, had DIRECTV alleged only that Huynh possessed a pirate-access device, this would not have been sufficient to state a claim under the plain language of § 605(a). Similarly, to establish liability under § 605(a), a plaintiff must prove that the defendant received or assisted in receiving a communication to which he was not entitled.

electronic communication" shall be fined or imprisoned. Section 2520(a) of Title 18 creates a private cause of action under § 2511(1)(a) for "any person whose wire, oral, or electronic communication is intercepted." *See, e.g. DIRECTV v. Baker,* 318 F.Supp.2d 1113, 1116, 2004 WL 1109879, *2 (M.D.Ala.2004) (Thompson, J.); *DIRECTV, Inc. v. Childers,* 274 F.Supp.2d 1287, 1288 (M.D.Ala.2003) (Albritton, C.J.). DIRECTV's amended complaint properly alleged that Huynh intercepted its electronic communication in violation of § 2511(1)(a), and therefore, by his default, Huynh has conceded his liability to DIRECTV.

### 3. Count Three: 18 U.S.C.A. § 2512(1)(b)

■ In count three, DIRECTV alleges that Huynh manufactured, assembled, distributed, sold, possessed, or used pirate access devices, knowing or having reason to know that the design of such devices renders them primarily useful for the purpose of surreptitious interception of DIRECTV's satellite transmissions in violation of 18 U.S.C.A. § 2512(1)(b). Like § 2511(1)(a), § 2512(1)(b) is a criminal statute. However, while § 2520(a) creates a private cause of action for violations of § 2511(1)(a), this court has previously held that § 2520(a) does not create a private right of action to enforce § 2512(1)(b). *DIRECTV v. Baker,* 318 F.Supp.2d 1116–21, 2004 WL 1109879, *2–8 (M.D.Ala.2004) (Thompson, J.). Accordingly, DIRECTV does not allege a proper ground for relief, and default judgment is therefore not appropriate against Huynh on this count.

### C. Relief

■ Having concluded that DIRECTV is entitled to default judgment on counts one and two, the court turns to the question of relief. As a general rule, the court may enter a default judgement awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits. *Adolph Coors Co.,* 777 F.2d at 1543–44; *Directv, Inc. v. Griffin,* 290 F.Supp.2d 1340, 1343 (M.D.Fla.2003) (Conway, J.). However, the decision whether to call for a hearing before awarding damages in a default judgment rests in the district court's discretion. Fed. R.Civ.P. 55(b)(2) ("If ... it is necessary to ... determine the amount of damages ..., the court may conduct such hearings or order such references as it deems necessary and proper."); *Pope v. United States,* 323 U.S. 1, 12, 65 S.Ct. 16, 22, 89 L.Ed. 3 (1944) ("It is a familiar practices and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount of which the plaintiff is lawfully entitled to recover and to give judgment accordingly."). Here, DIRECTV has not requested a hearing and has moved only for statutory, and not actual, damages. Accordingly, the court finds that a hearing is not necessary to calculate damages.

### 1. Count One: 47 U.S.C.A. § 605(a)

DIRECTV seeks costs, attorneys' fees and damages for Huynh's violation of 47 U.S.C.A. § 605(a). The statute provides that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to any aggrieved party." 47 U.S.C.A. § 605(e)(3)(B)(iii). In its motion for default judgment, DIRECTV requested "$ 4,400.00 as reasonable attorney's fees and costs."[12] A footnote indicated that "DIRECTV, Inc. will supplement the record in this case with a

---

12. Motion for default judgment, at 5.

statement showing the attorney's fees and costs incurred and billed in this action." [13] DIRECTV subsequently filed an affidavit with the court on May 3, 2004, appended to which was an invoice showing the costs and fees incurred by DIRECTV's attorneys through April 16, 2004.[14] This invoice indicates $ 13.75 in costs [15]; accordingly, a default judgment will be awarded in the amount of $ 13.75 for costs.

As noted above, the statute provides that the court shall award reasonable attorneys' fees. While the court is required to award attorneys' fees, the determination of the fee amount is left to the court's discretion, *Dowdell v. City of Apopka*, 698 F.2d 1181, 1187 (11th Cir.1983), as guided by the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, (5th Cir.1974). The court finds three factors particularly relevant here. First, this case presented no particularly complicated legal issues. *See DIRECTV, Inc. v. Hamilton*, 215 F.R.D. 460, 463 (S.D.N.Y.2003) (Marrero, J.) (reducing DIRECTV's request for $ 11,245.12 in attorneys' fees to $ 1,500.00 because "these types of cases are routine, straightforward and do not require extensive research"). Second, DIRECTV's attorneys in this case are handling a large number of cases practically identical to this one; thus, it is not unreasonable to expect some economy of scale. Further, DIRECTV has brought cases nearly identical to the present case all over the country, giving its attorneys a large pool of experience from which to draw. Third, the amount that DIRECTV's attorneys have requested is more than three times the highest award of attorneys' fees the court could find in similar cases brought by DIRECTV. *See DIRECTV, Inc. v. Lackey*, NO. CIV.A. 1:02–CV–181–C, 2004 WL 42254, *1 (N.D.Tex. Jan. 4, 2004) (Cummings, J.) (awarding $ 1,612.70 in attorneys' fees in case decided at summary judgment stage). The court is aware that DIRECTV's attorneys have had to appear at a number of hearings on this matter; however, the bulk of the fee request—as itemized in the invoice submitted by DIRECTV's attorneys—is for time spent on researching and writing the motion for default judgment. The court thus finds that DIRECTV's attorneys' fee request is not reasonable but that an award of $ 1,500 in attorneys's fees is reasonable. *See Hamilton*, 215 F.R.D. at 463. Accordingly, default judgment in that amount will be entered.

In addition to costs and fees, the court has the discretion to award damages. 47 U.S.C.A. § 605(e)(3)(B)(ii); *Griffin*, 290 F.Supp.2d at 1344–45. If the court decides to award damages, DIRECTV may choose to recover either "actual damages suffered . . . as a result of the violation" or "statutory damages for each violation of subsection (a) of [§ 605] involved in [this] action in a sum not less than $ 1,000 or more than $ 10,000, as the court considers just." 47 U.S.C.A. § 605(e)(3)(C)(i)(I) & (II). Based on the references to statutory damages in its amended complaint, the court finds that DIRECTV has opted for statutory damages.

In calculating damages under § 605(e), the first question for the court to determine is how many violations of § 605(a)

13. *Id.* at 5 n. 5.

14. Affidavit in support of plaintiff's request for attorney's fees, filed May 3, 2004. On the same day, DIRECTV filed its affidavit in support of its request for attorneys' fees, it filed a second motion styled "motion striking defendants and for entry of default judgment." DI-RECTV acknowledges that this second motion was filed in error; accordingly the court will deny this second motion as moot.

15. *See id.*, exh. A, invoice for fees through January 31, 2004 and invoice for costs and fees through April 16, 2004.

are "involved in [this] action." 47 U.S.C.A. § 605(e)(3)(C)(i)(II). In its amended complaint, DIRECTV requested "$ 10,000 for each pirate access device purchased and used in violation of 74 U.S.C.A. § 605(a)." [16] DIRECTV thus appears to assume that, because it alleged that Huynh purchased three pirate-access devices, he is liable for three violations of § 605(a). DIRECTV is not alone in this assumption. There are a number of cases that make the same assumption: equating, for purposes of calculating damages under § 605(e)(3)(C)(i)(II), the number of access devices the defendant allegedly possessed or purchased with the number of violations of § 605(a). *See, e.g., Directv, Inc. v. Albright,* No. Civ.A. 03–4603, 2003 WL 22956416, *3 (E.D.Pa. Dec. 9, 2003) (Rufe, J.).

The court cannot square this assumption with the plain language of the statute. Section 605(a) provides in relevant part that "no person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication ... for his own benefit or for the benefit of another not entitled thereto." While possession of an access device can be evidence of a violation of this section, it is clear from the statute's language that possession of a pirate access device standing alone does not amount to a violation. Rather, a plaintiff must prove that the defendant received or assisted another in receiving an interstate communication. The court has found that Huynh violated § 605(a) because he has admitted—as a result of his default—DIRECTV's allegation that he did so. In contrast, his admission that he possessed three access devices does not amount to three violations of § 605(a). Thus, the court finds that Huynh committed one violation of § 605(a).

The court's conclusion is bolstered by its understanding—taken from DIRECTV's pleadings—of how these pirate-access devices work. As the court understands it, the devices purchased by Huynh are not used to intercept DIRECTV's signal directly, but rather they are used to "restore pirate access cards' ability to illegally circumvent DIRECTV's encryption protection" after the pirate-access cards are disabled by DIRECTV's electronic countermeasures.[17] Thus, it is conceivable that a person might purchase a number of these devices to restore a single pirate-access card and then use the card to receive one unauthorized satellite transmission. Similarly, a person might purchase a single access device, use it to restore a single access card, and then use that card to receive a large number of DIRECTV's transmissions. Thus, the facts as presented by DIRECTV do not suggest an easy equation of one pirate access device to one violation of § 605(a).

Based on one violation of § 605(a), DIRECTV shall recover "a sum not less than $ 1,000 or more than $ 10,000, as the court considers just." 47 U.S.C.A. § 605(e)(3)(C)(i)(I)(II). Courts have cited a number of factors in determining a "just" amount of damages: (1) whether the defendant profited as a result of his violation, *DirecTV, Inc. v. Perrier,* No. 03–CV–400S, 2004 WL 941641, *3 (W.D.N.Y. March 15, 2004) (Skretny, J.); (2) whether the defendant assisted or induced others in violating the statute, *id.;* (3) whether the defendant's violation was willful or flagrant, *Albright,* 2003 WL 22956416, at *3; (4) whether the damage award will be sufficient to deter similar conduct, *id.;* and (5) whether the damage award is comparable to awards in similar cases, *Perrier,* 2004 WL 941641, at *3. The burden is on

---

**16.** Amended complaint, at 11.

**17.** Amended complaint at 5.

DIRECTV to provide justification for why damages in excess of the minimum should be awarded. *See Hamilton,* 215 F.R.D. at 462.

Based on the foregoing principles, the court finds that an award of $ 1,000 in damages is just. There are no allegations that Huynh profited as a result of his actions or that he induced others to commit violations. Furthermore, the court is convinced that a default judgment in the amount of $ 1,000—combined with the award of attorneys' fees—will be sufficient to deter future violations. Finally, an award of $ 1,000 in damages is in line with the awards in similar DIRECTV cases. *See, e.g., DIRECTV v. Kaas,* 294 F.Supp.2d 1044, 1049 (N.D.Iowa 2003) (Zoss, M.J.) (awarding damages of $ 1,000 under § 605(e)(3)(C)); *Albright,* 2003 WL 22956416, at *3 (same). Accordingly, default judgment in the amount of $ 1,000 will be entered against Huynh.

2. Count Two: 18 U.S.C.A. § 2511(1)(a)

██ DIRECTV also seeks relief for Huynh's violation of § 2511(1)(a). Section 2520(c)(2) provides that the court may assess damages for violations of § 2511(1)(a). The court has discretion whether to award damages at all, *see, e.g., Dorris v. Absher,* 179 F.3d 420, 429–30 (6th Cir.1999); *DirecTV v. Guzzi,* 308 F.Supp.2d 788, 790 (E.D.Mich.2004) (Steeh, J.), but the court, if it decides to award damages, has no discretion as to the amount. The statute provides that the amount of damages is "whichever is the greater of—(A) the sum of actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or (B) statutory damages of whichever is the greater of $ 100 a day for each day of violation or $ 10,000." 18 U.S.C.A. § 2520(c)(2)(A) & (B). In its motion for default judgment, DIRECTV makes it clear that it seeks statutory damages for Huynh's violation of § 2511(1)(a).

In deciding whether to award damages under § 2520(c)(2), courts in similar DIRECTV cases have looked at a number of factors: (1) whether the defendant profited by his violation, *e.g., Kaas,* 294 F.Supp.2d at 1049; (2) whether there was any evidence that the defendant actually used his pirate access devices, *id.;* (3) the extent of DIRECTV's financial harm, *Guzzi,* 308 F.Supp.2d at 790; (4) the extent of the defendant's violation, *id.;* (5) whether the defendant had a legitimate reason for his actions, *id.;* (6) whether an award of damages would serve a legitimate purpose, *id.;* and (7) whether the defendant was also subject to another judgment based on the same conduct, *Perrier,* 2004 WL 941641, at *4.

██ Based on these principles, the court exercises its discretion to award no damages to DIRECTV for Huynh's violation of § 2511(1)(a). Foremost among the court's reasons is that DIRECTV will receive a judgment against Huynh for his violation of § 605, a violation premised on the same underlying conduct. The court finds that its award of damages under § 605 "appropriately punishes [Huynh] for his illegal actions, adequately compensates [DIRECTV] for any damage it suffered, and sufficiently deters other from engaging in similar unlawful conduct." *Perrier,* 2004 WL 941641, at *4. In reaching this conclusion, the court has also kept in mind "the potential of [§ 2520(c)] to bring financial ruin to persons of modest means, even in cases of trivial transgressions." *Reynolds v. Spears,* 93 F.3d 428, 435 (8th Cir. 1996).

### III. Conclusion

For the foregoing reasons, the court finds that DIRECTV is entitled to a default judgment against Huynh on its first and second causes of action. Furthermore, the court finds that DIRECTV is

entitled to $ 13.75 in costs, $ 1,500.00 in attorneys' fees, and $ 1,000.00 in damages for Huynh's violation of 47 U.S.C.A. § 605(a). Finally, the court finds that DIRECTV is entitled to no damages for Huynh's violation of 18 U.S.C.A. § 2511(1)(a).

An appropriate judgment will be entered.

## JUDGMENT

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) The motion to strike answer and for default judgment against defendant James Huynh, filed by plaintiff DIRECTV, Inc. on April 15, 2004 (doc. no. 14), is granted in part and denied in part.

(2) Judgment is entered in favor of plaintiff DIRECTV, Inc. and against defendant Hunyh on counts one and two of plaintiff DIRECTV, Inc.'s amended complaint, filed August 21, 2003 (doc. no. 2).

(3) Plaintiff DIRECTV, Inc. shall have and recover the sum of $ 13.75 in costs from defendant Huynh.

(4) Plaintiff DIRECTV, Inc. shall have and recover the sum of $ 1,500.00 in attorneys' fees from defendant Huynh.

(5) Plaintiff DIRECTV, Inc. shall have and recover the sum of $1,000.00 in statutory damages under 47 U.S.C.A. § 605(e)(3)(C)(i)(II), from defendant Huynh.

It is further ORDERED the motion striking defendant's answer, etc., filed by plaintiff DIRECTV, Inc. on May 3, 2004 (doc. no. 19), is denied as moot.

The clerk of this court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.