**DIRECTV, INC., Plaintiff,**

v.

**James DRURY, Defendant.**

No. 8:03–CIV–850T17–TGW.

United States District Court,
M.D. Florida,
Tampa Division.

June 26, 2003.

Viktoria Collins, Esq., Stump, Storey, Callahan & Dietrich, P.A., Orlando, FL, for Plaintiff.

James Drury, Bradenton, FL, Pro se.

### ORDER

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendant's Motion to Dismiss (Docket No. 3), Supporting Memorandum of Law (Docket No. 4), and Plaintiff's Response in Opposition (Docket No. 6).

## Background

Plaintiff filed suit against Defendant alleging three causes of action. Count I alleges the unauthorized reception of satellite signals in violation of 47 U.S.C. § 605(a). Count II alleges the unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511(1). Count III alleges the possession of illegal access devices in violation of 18 U.S.C. § 2512(1)(b). Defendant argues that Count III should be dismissed because 18 U.S.C. § 2512(1)(b) does not support a civil cause of action.

In deciding a motion to dismiss, all well-pled facts must be construed in the light most favorable to the plaintiff. *Littell v. United States,* 191 F.Supp.2d 1338, 1339 (M.D.Fla.2002). Therefore, the Court will assume for purposes of this motion the truth of the facts alleged in Plaintiff's Complaint. (Docket No. 1).

Plaintiff delivers television programming, by satellite, to subscribers throughout the United States. Plaintiff uses multiple security measures, including encrypted satellite signals and access cards, to ensure that only authorized subscribers may receive access to the programs. In response to Plaintiff's security measures, satellite bootleggers have developed devices that enable unauthorized users to view Plaintiff's programming without paying for the service.

On May 25, 2001, Plaintiff, with the assistance of law enforcement, conducted a raid at a mail-shipping facility used by several major sources of such devices. As a result, Plaintiff obtained substantial sales records and receipts. The records indicated that Defendant purchased two bootleg devices known as Intertek Blue Unloopers and had those devices shipped to him. Plaintiff alleges that Defendant thereafter intentionally used the devices to intercept Plaintiff's electronic communications without authorization.

## Standard of Review

■ In ruling on a motion to dismiss, the court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the court must take all material allegations of the complaint as true and liberally construe those allegations in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). When, on the basis of a dispositive issue of law, no construction of the factual allegation will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991).

## Discussion

Defendant argues that Count III of Plaintiff's Complaint is based solely on 18 U.S.C. § 2512, which is a criminal statute. Section 2512 provides, in pertinent part, as follows:

**§ 2512. Manufacture, distribution, possession, and advertising of wire, oral, or electronic communication intercepting devices prohibited**

(1) Except as otherwise specifically provided in this chapter, any person who intentionally—

. . . . .

(b) manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the

mail or transported in interstate or foreign commerce; . . .

shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 2512(1)(b). Section 2512 clearly provides for only criminal liability. The question for the Court is whether any other statute authorizes a private cause of action against violators of 18 U.S.C. § 2512(1)(b).

■ The answer evidently lies in 18 U.S.C. § 2520. Section 2520 provides, in pertinent part, as follows:

§ 2520. **Recovery of civil damages authorized**

(a) In general.—Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in *violation of this chapter* may in a civil action recover from the person or entity, other than the United States, *which engaged in that violation* such relief as may be appropriate.

18 U.S.C. § 2520(a) (emphasis added). Section 2520 applies to all violations within Chapter 19 of Title 18 of the United States Code concerning "Wire and Electronic Communications Interception and Interception of Oral Communications," which includes 18 U.S.C. § 2512. Therefore, instead of failing to state a claim upon which relief can be granted, Count III of Plaintiff's Complaint simply asserts a private cause of action that 18 U.S.C. § 2520(a) expressly authorizes for violations of 18 U.S.C. § 2512(1)(b).

Defendant cites several cases as holding otherwise, but the Court finds those cases distinguishable. *Flowers v. Tandy Corp.*, 773 F.2d 585, 589 (4th Cir.1985), held that there was "no merit in [the] assertion that § 2520 expressly provides a private cause of action for violations of the criminal proscriptions of § 2512." *Flowers* was decid-

ed, however, under a previous version of 18 U.S.C. § 2520 that provided,

Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action *against any person who intercepts, discloses, or uses or procures any other person to intercept, disclose, or use such communications,* and (2) be entitled to recover from such person . . . .

18 U.S.C. § 2520 (amended by Pub.L. 99–508, Title I, § 103, Oct. 21, 1986) (emphasis added).

The pre–1986 amendment version of 18 U.S.C. § 2520 interpreted by *Flowers* expressly limited those persons against whom a private action might lie to "any person who intercepts, discloses, or uses or procures any other person to intercept, disclose, or use such communications." *Flowers*, 773 F.2d at 588. The 1986 amendment eliminated such language, and the statute now defines the class of potential defendants as any person or entity "engaged in" a "violation of this chapter." 18 U.S.C. § 2520(a). As stated, 18 U.S.C. § 2512(1)(b) lies within the covered chapter and, therefore, 18 U.S.C. § 2520(a) currently authorizes the recovery of civil damages.

Furthermore, the *Flowers* court based its reasoning specifically on the statutory language within 18 U.S.C. § 2520(a) that limited the class of potential defendants. *Flowers*, 773 F.2d at 588–89. The court compared the limiting language to 18 U.S.C. § 2511 and 18 U.S.C. § 2512, finding that the 18 U.S.C. § 2520(a) "language tracks very closely the criminal offenses set out in § 2511, whereas the criminal offenses set out in § 2512 are defined in" different terms. *Id.* at 589. As a result, the court held that the proper construction of 18 U.S.C. § 2520(a) provided a civil cause of action for a violation of 18 U.S.C.

§ 2511, but not for a violation of 18 U.S.C. § 2512. *Id.* Such limiting language is no longer present in the statute, and the *Flowers* reasoning is not applicable to the instant case because 18 U.S.C. § 2520(a) now applies to all violations of the chapter.

Defendant also cites *Ages Group v. Raytheon Aircraft Co.,* 22 F.Supp.2d 1310, 1315 (M.D.Ala.1998), as holding that 18 U.S.C. § 2520(a) does not support a civil cause of action under 18 U.S.C. § 2512. The issue in *Ages Group,* however, was that the plaintiff needed to "create a question of fact as to whether communications were intercepted, disclosed, or intentionally used" under 18 U.S.C. § 2520, while also alleging possession of intercepting devices under 18 U.S.C. § 2512. *Id.* That issue is not present in the instant case because Plaintiff has pled in Count III that Defendant both intercepted and used communications. (Docket No. 1, ¶¶ 18, 20, incorporated into Count III at ¶ 33). Finally, the *Ages Group* court also relied on the line of reasoning set forth in *Flowers* that is inapplicable presently.

The Court prefers instead the line of reasoning set forth in numerous other district courts, including courts within the Eleventh Circuit, holding that 18 U.S.C. § 2520 does support a properly pled civil cause of action for a violation of 18 U.S.C. § 2512. *See DIRECTV, Inc. v. Verlsteffen,* No. 02–61370–CIV–DIMITROULEAS (S.D.Fla. Feb. 4, 2003) (denying defendant's motion to dismiss because 18 U.S.C. § 2520 allows civil actions for violations of Chapter 119); *DIRECTV, Inc. v. Calamanco,* No. C 02–4102–MWB, 2003 WL 21956187 (N.D.Iowa Jan. 21, 2003) (denying defendant's motion to dismiss because 18 U.S.C. § 2520 authorizes a civil action under 18 U.S.C. § 2512(1)(b)); *DIRECTV, Inc. v. James,* No. 8:02–cv–1346–T–26MAP (M.D.Fla. August 28, 2002) (denying defendants' motion to dismiss because plaintiff properly alleged under 18 U.S.C. § 2520(a) that defendants intentionally intercepted plaintiff's satellite transmission); *DIRECTV, Inc. v. EQ Stuff, Inc.,* 207 F.Supp.2d 1077, 1084 (C.D.Cal.2002) (denying defendants' motion to dismiss because 18 U.S.C. § 2520 provides for a civil action for violations of 18 U.S.C. §§ 2510–2521); *Oceanic Cablevision, Inc. v. M.D. Electronics,* 771 F.Supp. 1019, 1027 (D.Neb.1991) (denying defendants' motion to dismiss because 18 U.S.C. § 2520 "confers a private cause of action upon persons when the action is brought against parties that have violated the provisions of §§ 2510–2521"). Plaintiff has properly pled such a violation in this matter. The Court having considered all the arguments of the parties is convinced that the motion to dismiss should be denied. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Docket No. 3) be denied, and Defendant shall answer the Complaint within ten (10) days of this Order.