DIRECTV, INC., Plaintiff,

v.

Stephen COPE, Defendant.

No. CIV.A.03–A–905–E.

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 20, 2003.

Sara Anne Ford, Birmingham, AL, for Plaintiff.

Phillip E. Adams, Jr., Opelika, AL, for Defendant.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. *INTRODUCTION*

This cause is before the court on a Motion to Dismiss Counts Two and Three and Four of Plaintiff's Complaint, filed by Defendant Stephen Cope (Doc. # 5).

The Plaintiff, DIRECTV, Inc., brings claims against the Defendant for violation of 47 U.S.C. § 605(a) (Count One), violation of 18 U.S.C. § 2511 (Count Two), violation of 18 U.S.C. 2512 (Count Three), 47 U.S.C. § 605(e)(4) (Count Four), and Civil Conversion (Count Five).

. For reasons to be discussed, the Motion to Dismiss is due to be GRANTED in part and DENIED in part.

### II. *MOTION TO DISMISS STANDARD*

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not … [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon,* 467 U.S. at 73, 104 S.Ct. 2229. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to start a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985).

### III. *FACTS*

The allegations of the Plaintiff's Complaint are as follows:

DIRECTV is a direct broadcast satellite system. In order to receive DIRECTV's satellite signal, a subscriber must have the digital satellite system hardware, which includes a satellite dish, an integrated receiver/decoder, and an access card. DIRECTV does not manufacture the hardware, but sells programming.

DIRECTV alleges that satellite pirates try to circumvent DIRECTV's security measures to gain unlimited access to all programming, rather than merely the programming for which the subscriber has paid. One security measure used by DIRECTV to avoid piracy involves sending a stream of data that targets access cards and disables them. DIRECTV alleges that satellite pirates have developed de-

vices that restore access cards' ability to illegally circumvent DIRECTV encryption protection. According to DIRECTV, Cope has purchased pirate access devices and has used those devices to improperly access programming.

## IV. DISCUSSION

■ The Defendant has moved to dismiss three claims asserted against him on the grounds that the statutes under which the claims are brought are criminal statutes. As to Counts Two and Three, the Defendant has argued that the sub-sections under which the Plaintiff asserts claims, 18 U.S.C. § 2511, 2512, include no private right of action.

This Court has previously addressed this issue in *DIRECTV, Inc. v. Childers*, 274 F.Supp.2d 1287 (M.D.Ala.2003). The court is not persuaded by the Plaintiff's arguments to alter its analysis of the private right of action for civil suits under § 2511 and § 2512. Further, while there is a split of authority, other courts are in agreement with this analysis. *See DIRECTV, Inc. v. Jerolleman*, No. CIV.A. 03–1465, 2003 WL 22697177 (E.D.La. Nov.12, 2003) (finding no private right of action for a claim under § 2512); *DIRECTV, Inc. v. Hosey*, 289 F.Supp.2d 1259 (D.Kan.2003) (same); *see also Peavy v. WFAA–TV, Inc.*, 221 F.3d 158, 168–69 (5th Cir.2000) (the private right of action in § 2520 applies against persons who "intercepted, disclosed, or intentionally used" in violation of § 2511); *Cf. Glazner v. Glazner*, 347 F.3d 1212 (11th Cir.2003) (implied recognizing a claim for civil damages for violation of 18 U.S.C. § 2511). Accordingly, the court concludes that the Plaintiff may proceed on its claim based on a violation of § 2511, but not § 2512. *Childers*, 274 F.Supp.2d at 1289.

■ The instant case also presents an additional issue not addressed in the *Childers* opinion. In this case, the Plaintiff has brought a claim under 47 U.S.C. § 605(e)(4), which the Defendant moves to dismiss as imposing only criminal, not civil liability. The statute explicitly provides, however, as follows: "Any person aggrieved by any violation of subsection (a) of this section or paragraph (4) of this subsection may bring a civil action in a United States district court or in any other court of competent jurisdiction." 47 U.S.C. § 605(e)(3)(A).

The Defendant acknowledges that the Plaintiff is authorized to bring a claim under § 605(e)(3)(A), but argues that the language of § 605(e)(4) does not "authorize multiplication of civil damages through this criminal provision." Motion to Dismiss, page 4. In support of this argument, the Defendant cites to *Comcast Cablevision v. Philadelphia, L.P. v. Roselli*, No. Civ.A. 96–2938, 1997 WL 36957 (E.D.Pa. Jan.30, 1997). The *Comcast Cablevision* court's discussion of "multiplication of statutory damages" concerns § 553, not § 605, however. *Id.* at *2.

To the extent that the Plaintiff is arguing that Count Four and Count One of the Complaint are impermissibly duplicative, the Complaint reflects that in Count Four the Plaintiff seeks to recover civil damages for violation of § 605(e)(4), and in Count One seeks to recover civil damages for violation of § 605(a). Both of these avenues of relief are contemplated by the provision allowing for civil actions. *See* § 605(e)(3)(A). At this stage in the proceedings, therefore, the court cannot conclude that Count Four is due to be dismissed.

## V. CONCLUSION

For the reasons discussed, the Motion to Dismiss (Doc. # 5) is hereby ORDERED DENIED as to the claims in Counts Two and Four and GRANTED as to the claim in COUNT Three.

The case will proceed against Cope on the claims in Counts One, Two, Four and Five.