**DIRECTV, INC., Plaintiff,**

v.

**Chad BAKER, Defendant.**

**Civil Action No. 3:03cv1085–T.**

United States District Court,
M.D. Alabama,
Northern Division.

May 19, 2004.

Sara Anne Ford, William Owens Lewis Hutchinson, Lightfoot, Franklin & White LLC, Birmingham, AL, for Plaintiff.

Mary Brunson Whatley, Patrick C. Davidson, Adams, Umbach, Davidson & White LLP, Opelika, AL, for Defendant.

## ORDER

MYRON H. THOMPSON, District Judge.

Plaintiff DIRECTV, Inc. brought this lawsuit against defendant Chad Baker alleging violations of the Federal Communication Act of 1934, as amended, 47 U.S.C.A. § 605(a), the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Electronic Communications Privacy Act of 1986, 18 U.S.C.A. §§ 2511(1)(a) & 2512(1)(b), and state law. The claims in this case arise from Baker's alleged use of devices to receive DIRECTV's satellite television service without paying for it. The court's jurisdiction has been properly invoked. 47 U.S.C.A. § 605(e)(3)(A); 28 U.S.C.A. §§ 1331 and 1367(a). This case is now before the court on Baker's motion to dismiss three of the five counts alleged in DIRECTV's complaint.

### I. Background

DIRECTV provides satellite television programming on a subscription and pay-per-view basis. In order to protect its transmissions from unauthorized reception, DIRECTV encrypts—or scrambles—its satellite signal, and each DIRECTV customer is required to purchase system hardware and an access card. The access cards function as de-scramblers; they allow subscribers to view the programming for which they have paid and only that programming.

Satellite television pirates have found ways to modify their access cards so as to view DIRECTV programming without

paying for it. In response, DIRECTV has developed electronic countermeasures or ECMs, which are streams of data sent along with its satellite signal that target and disable modified access cards. In turn, the pirates have countered with a variety of devices—referred to as pirate-access devices—that restore their modified access cards' ability to gain unauthorized access to DIRECTV's programming.[1]

On August 21, 2003, DIRECTV filed this lawsuit against Baker. The complaint alleges that, on or about June 15, 2001, Baker purchased a single pirate-access device and that he possessed the required hardware to receive DIRECTV's satellite transmission. The complaint enumerates five causes of action. Count one alleges that Baker intercepted or received satellite television programming without authorization, 47 U.S.C.A. § 605(a); count two alleges that he intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept DIRECTV's satellite transmission, 18 U.S.C.A. § 2511(1)(a); count three alleges that he "possessed, manufactured, and/or assembled an electronic, mechanical or other device knowing, or having a reason to know, that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire or electrical communications,"[2] 18 U.S.C.A. § 2512(1)(b); count four alleges that he knowingly "manufactured, assembled, or modified an electronic, mechanical or other device or equipment, or having reason to know, that the device or equipment is used primarily in the assistance of the unauthorized decryption of Satellite Programming, or direct-to-home satellite services, or is intended for any other prohibited activity,"[3] 47 U.S.C.A. § 605(e)(4); and count

five alleges that he unlawfully converted DIRECTV's property for his own use.

## II. Legal Standard

In considering a defendant's motion to dismiss, the court accepts plaintiff's allegations as true, Fed.R.Civ.P. 12(b); *Andreu v. Sapp*, 919 F.2d 637, 639 (11th Cir.1990), and construes the complaint liberally in plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The lawsuit may not be dismissed unless plaintiff can prove no set of facts supporting the relief requested. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686; *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir.1993).

## III. Discussion

Baker has move to dismiss counts two, three, and four for failure to state a claim. Fed.R.Civ.P. 12(b)(6). Baker's argument is that no private right of action exists to enforce 18 U.S.C.A. § 2511(1)(a), 18 U.S.C.A. § 2512(1)(b), and 47 U.S.C.A. § 605(e)(4). The court will address the three statutes in turn.

### A. 18 U.S.C.A. § 2511(1)(a)

Baker has moved to dismiss DIRECTV's claim that he violated 18 U.S.C.A. § 2511(1)(a) on the ground that no private right of action exists to enforce this statute. Section 2511(1)(a) is a criminal statute that provides that "any person who intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication" shall be fined or imprisoned. However, § 2520(a) of Title 18 provides in relevant part that:

---

1. These counter-ECM pirate-access devices go by names like "bootloaders," "dead processor boot boards," "glitchers," "HU loaders," "emulators," and "unloopers."

2. Complaint, filed November 3, 2003 (complaint), at 10.

3. *Id.* at 11.

"any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."

The term "chapter" in § 2520(a) refers to Chapter 119 of Title 18 of the United States Code, which includes § 2511. It is clear from the plain language of § 2520(a) that it provides a private right of action to enforce § 2511(1)(a).

■ The courts that have considered the issue have reached the same conclusion: a plaintiff whose communication has been intercepted in violation of § 2511(1)(a) can bring a private civil suit to enforce § 2511(1)(a)'s prohibition on such interception against the person who allegedly intercepted the communication. *See, e.g., DIRECTV, Inc. v. Childers,* 274 F.Supp.2d 1287, 1288 (M.D.Ala.2003) (Albritton, C.J.). Baker does not cite to any authority, and the court is not aware of any, to the contrary. Accordingly, count two will not be dismissed.

### B. 18 U.S.C.A. § 2512(1)(b)

In count three, DIRECTV alleges that Baker manufactured, assembled, distributed, sold, possessed, or used pirate-access devices, knowing or having reason to know that the design of such devices renders them primarily useful for the purpose of surreptitious interception of DIRECTV's satellite transmissions in violation of 18 U.S.C.A. § 2512(1)(b). Baker has moved to dismiss count three on the ground that § 2520(a) does not provide a private cause of action to enforce § 2512(1)(b). Like § 2511(1)(a), § 2512(1)(b) is a criminal statute. However, while there is broad agreement that § 2520(a) creates a private cause of action for violations of § 2511(1)(a), there is an almost even split

of authority on whether a private cause of action exists for violations of § 2512(1)(b). *Compare, e.g., Childers,* 274 F.Supp.2d at 1289 (possession of pirate devices does not create civil action for damages), *with, e.g., Directv, Inc. v. Drury,* 282 F.Supp.2d 1321, 1323 (M.D.Fla.2003) (Kovachevich, J.) (§ 2520(a) creates private cause of action for violation of § 2512(1)(b)). The court will first consider whether § 2520(a) contains an explicit private cause of action; then, the court will consider the possibility that § 2512(1)(b) contains an implied private cause of action.

#### 1. Explicit Private Cause of Action

■ "It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain ... the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). Section 2512(1)(b) provides a criminal sanction for any person

"who intentionally manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce."

As with § 2511(1)(a), the question for the court is whether § 2520(a) provides a private right of action for § 2512(1)(b). As noted above, the term "chapter" in § 2520(a) refers to Chapter 119 of Title 18 of the United States Code, which encompasses § 2512(1)(b).

With regard to § 2512(1)(b), there are three views about the meaning of § 2520(a). First, some decisions hold that

it creates a private right of action for a violation of any section in Chapter 119, including a violation of § 2512(1)(b). *See, e.g., Drury,* 282 F.Supp.2d at 1323. Second, some courts have held that a private cause of action may lie for a violation of § 2512(1)(b), but only if the plaintiff also alleges that the defendant intercepted, disclosed, or intentionally used a wire, oral, or electronic communication. *See, e.g., DirecTV, Inc. v. Karpinsky,* 269 F.Supp.2d 918, 926 (E.D.Mich.2003) (Steeh, J.). Third, some courts have held that § 2520(a) creates a private right of action for violations of only § 2511(1)(a). *See, e.g., DIRECTV v. Cardona,* 275 F.Supp.2d 1357, 1367 (M.D.Fla.2003) (Conway, J.).

The sentence structure and language of § 2520(a) precludes the first interpretation of the statute. The statute provides that "any person whose ... communication is *intercepted, disclosed, or intentionally used in violation of this chapter* may in a civil action recover from the person or entity ... which engaged in *that violation.*" (Emphasis added). The only natural reading of the phrase "that violation" is that it refers to the violation earlier in the sentence, the interception, disclosure or intentional use of a communication. *DirecTV, Inc. v. Bertram,* 296 F.Supp.2d 1021, 1024 (D.Minn.2003) (Kyle, J.) ("[A]s a matter of grammar and sentence structure, the phrase 'that violation' refers to the interception, disclosure, or intentional use of communications mentioned earlier in the sentence, and not to the possession of prohibited devices."); *DIRECTV, Inc. v. Beecher,* 296 F.Supp.2d 937, 941 (S.D.Ind. 2003) (Hamilton, J.); *see also Directv, Inc. v. Maraffino,* No. 03 C 3441, 2004 WL 170306, at *3 (N.D.Ill. Jan. 23, 2004) (Lefkow, J.); *Directv, Inc. v. Jerolleman,* No. Civ.A. 03–1465, 2003 WL 22697177, at *1 (E.D.La. Nov. 12, 2003) (Engelhardt, J.). The class of defendants defined in § 2520(a) is therefore limited to persons or entities that intercepted, disclosed, or in-tentionally used the plaintiff's communication. Thus, an individual who possessed devices designed to intercept communications in violation of § 2512(1)(b), but who did not actually intercept a communication, could not be sued by a private party.

The Fifth Circuit Court of Appeals came to a similar conclusion in a case not involving DIRECTV. In *Peavy v. WFAA–TV, Inc.,* 221 F.3d 158, 168 (5th Cir.2000), the court faced the question whether § 2520(a) creates a private cause of action against a television station and one of its reporters who allegedly "procured" a person to intercept electronic communications in violation of § 2511(1)(a). The court concluded that § 2520(a) does not create such a cause of action because " 'that violation' refers only to illegal interception, disclosure, or use, and not to procuring interception by another." 221 F.3d at 169. Just as the plaintiff in *Peavy* could not bring a private cause of action against the television station under § 2520(a) for "procuring" an interception because the station did not itself intercept a communications, a plaintiff may not bring a private cause of action against a defendant for merely possessing a device designed to intercept communications.

The court is not persuaded by two cases commonly cited for the proposition that a plaintiff may bring a private cause of action for a violation of § 2512(1)(b). In *Oceanic Cablevision, Inc. v. M.D. Electronics,* 771 F.Supp. 1019 (D.Neb.1991) (Strom, C.J.), the court denied a motion to dismiss a cable television provider's claim under § 2512(1)(b) against a company that allegedly sold equipment to access the provider's cable television service without paying for it. The court's analysis, however, focused on whether the defendant's conduct—selling decoders or descramblers—was actionable under § 2511(1)(a) and § 2512(1)(b). *See* 771 F.Supp. at 1027–29.

The court did not discuss whether § 2520(a) provides a private cause of action for violations of § 2512(1)(b); rather the court summarily concluded that § 2520(a) provides a cause of action "when the action is brought against parties that have violated the provisions of §§ 2510–2521." *Id.* at 1027. Similarly, in *DIRECTV, Inc. v. EQ Stuff, Inc.,* 207 F.Supp.2d 1077, 1084 (C.D.Cal.2002) (Pregerson, J.), the court, citing *Oceanic Cablevision,* concluded without analysis that § 2520(a) reaches violations of § 2512. This court is thus not persuaded by either *Oceanic Cablevision* or *EQ Stuff.*

The court is similarly unmoved by many of the recent decisions reaching the conclusion that DIRECTV can bring suit under § 2520(a)for a violation of § 2512(1)(b). *See, e.g., DirecTV, Inc. v. Moreno,* No. 03–2478(JEI), 2003 WL 22927883, at *4 (D.N.J. Dec. 11, 2003) (Irenas, J.) (citing § 2520(a)'s explicit exemption from civil liability for those assisting law enforcement pursuant to § 2511(2)(a)(ii) as evidence that Congress intended no other exemption from civil liability); *DIRECTV, Inc. v. Gatsiolis,* No. 03 C 3534, 2003 WL 22111097, at *2 (N.D.Ill. Sept. 10, 2003) (Coar, J.) (citing private parties' incentive to bring civil cases and need to decrease burden on federal prosecutors). Most of these decisions do not adequately addresses the plain language of § 2520(a). Indeed, one decision that concludes that § 2520(a) provides a private cause of action for violations of § 2512(1)(b), tellingly alters the crucial statutory language, changing "*that* violation" to "*a* violation." *Drury,* 282 F.Supp.2d at 1323 ("the statute now defines the class of potential defendants as any person or entity 'engaged in'

*a* 'violation of this chapter.' ") (emphasis added).

Section 2520(a) was amended in 1986, but there is no legislative history to support the view that § 2520(a) provides a private cause of action for all violations of Chapter 119. As it existed before the amendment, § 2520(a) provided in relevant part:

> "Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall ... have a civil cause of action against *any person who intercepts, discloses, or uses, or procures any other .person to intercept, disclose, or use such communications....*"

(Emphasis added). The pre–1986 version of the statute clearly excluded from the class of defendants those individuals or entities that merely possessed devices used for intercepting communications. *Flowers v. Tandy Corp.,* 773 F.2d 585, 588–89 (4th Cir.1985).[4] The 1986 amendment thus replaced the more obviously limiting language "any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications" with the current language "the person or entity ... which engaged in that violation." However, the legislative history provides no indication that the change was meant to expand the class of violations that can form the basis of a civil suit. S. Rep. 99–541, at 26 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, 3580; *see also DIRECTV, Inc. v. Boggess,* 300 F.Supp.2d 444, 448 (S.D.W.Va.2004) (Goodwin, J.) ("[I]t appears that Congress substituted the language 'engaged in that violation' for the more descriptive language

---

4. Many recent decisions have cited *Flowers* in support of the proposition that § 2520(a) does not provide a private cause of action for violations of § 2512(1)(b). This court does not find *Flowers* particularly helpful, however, because the relevant statutory language was amended after it was decided. *Flowers,* which was decided on the plain language of the pre–1986 statute, provides no guidance on how to interpret the current statute.

contained in the superseded version without intending to change the potential class of defendants.") Accordingly, the court cannot find that the intent of the Congress was so clearly to provide a cause of action for all violations of §§ 2510–2522, that it should look past the unambiguous language of the statute. *Moore v. American Federation of Television and Radio Artists,* 216 F.3d 1236, 1244 (11th Cir.2000).

To summarize, the court finds that the plain language of § 2520(a) precludes the first interpretation of § 2520(a) because it clearly requires that the defendant have intercepted, disclosed, or intentionally used the plaintiff's communication. Thus, a plaintiff could not bring a private action where the only allegation was that the defendant possessed or manufactured devices to intercept communications in violation of § 2512(1)(b).

The second school of thought about § 2520(a) holds that it creates a private right of action for violations of § 2512(1)(b) but only if the plaintiff also alleges that the defendant intercepted its communication. In *Direct TV, Inc. v. Legans,* No. 03–1071–T, 2004 WL 187323, *4 (W.D.Tenn. Jan. 9, 2004) (Todd, J.), the court wrote that, " § 2512 provides for civil as well as criminal liability. However, in order for civil liability to attach under § 2512 ... a plaintiff must show that the defendant not only possessed an illegal device but also used that device." *See also Karpinsky,* 269 F.Supp.2d at 926; *DIRECTV, Inc. v. Kitzmiller,* No. Civ.A. 03–3296, 2004 WL 692230, at *4 (E.D.Pa. March 31, 2004) (Kelly, J.). The appeal of this view is that it acknowledges that the phrase "person or entity ... which engaged in that violation" refers to a person or entity which engaged in an interception, disclosure, or use of a communication.

The court does not find this interpretation of the language of § 2520(a) persuasive, however. On this reading, § 2520(a) defines the scope of the private right of action by defining the class of plaintiffs who can sue and the class of defendants who can be sued, but without limiting or describing the substantive statutes under which the private suit can be brought. The implication of this interpretation is that § 2520(a) provides a plaintiff whose communication was intercepted with a private cause of action to enforce any federal statute as long as the plaintiff alleges that the defendant intercepted its communication. The court cannot agree that this is what the statute's language means.

A comparison to a similarly worded provision for a private cause of action to enforce a federal criminal statute demonstrates the difficulty with the reasoning behind the second interpretation of § 2520(a). Chapter 19 of Title 18 governs crimes relating to public lands. 18 U.S.C.A. §§ 1851–1864. Section 1864(a) makes it a crime for a person to use a hazardous or injurious device on federal land with the intent to violate the Controlled Substances Act, with the intent to obstruct or harass the harvesting of timber, or with reckless disregard to the risk that another person will be placed in danger of death or bodily injury. Section 1864(e) provides for a private right of action in terms analogous to § 2520(a): "Any person injured as a result of a violation of subsection (a) may commence a civil action against any person who is alleged to be in violation of subsection (a)."

The reasoning in cases like *Legans* and *Karpinsky* would suggest that, under § 1864(e), a plaintiff could sue a defendant for violations of any other provision of Chapter 19 as long as the plaintiff also alleged that the defendant violated § 1864(a). Applying this reasoning, § 1864(e) would create a private right of action to enforce the criminal statutes that make it a crime to trespass on federal

land, 18 U.S.C.A. § 1863, interrupt surveying of public lands, 18 U.S.C.A. § 1859, and "break[ ], open[ ], or destroy[ ] any gate, fence, hedge, or wall inclosing any lands of the United States," 18 U.S.C.A. § 1857. This does not seem like a reasonable reading of the statute. The more reasonable interpretation of the language of § 1864(e), of course, is that it allows a plaintiff to sue a defendant who violated § 1864(a) for the defendant's violation of that provision.

The analogous conclusion applies to § 2520(a), and this is the conclusion reached by the third line of cases interpreting § 2520(a). The most reasonable interpretation of the language of § 2520(a) is that it allows a plaintiff whose communication was intercepted, disclosed, or intentionally used in violation of § 2511(1) to sue a defendant who intercepted, disclosed, or intentionally used the plaintiff's communication for violating § 2511(1). Accordingly, the court holds that the language of § 2520(a) does not provide an explicit private right of action for a violation of § 2512(1)(b).

### 2. Implied Cause of Action

The court further concludes that § 2520(a) does not include an implied cause of action for violations of § 2512(1)(b). The crucial inquiry for determining the existence of such an implied right of action is statutory intent. *Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S.Ct. 1511, 1519, 149 L.Ed.2d 517 (2001); *Love v. Delta Air Lines*, 310 F.3d 1347, 1352 (11th Cir.2002). Three factors instruct the court's analysis: the text, structure and legislative history of the statute. *Love*, 310 F.3d at 1352–53. The bar for showing sufficient statutory intent is very high. *McDonald v. Southern Farm Bureau Life Ins. Co.*, 291 F.3d 718, 723 (11th Cir.2002).

The language of § 2520(a) does not evidence an intent to create a private cause of action to enforce § 2512(1)(b). Section 2520(a) does create a private cause of action against those who violate § 2511(1)(a) by intercepting communications without authorization, but, as discussed above, the language in § 2520(a) that defines the class of defendants does not include defendants who merely possess devices criminalized under § 2512(1)(b). Moreover, the language in § 2520(a) that describes the plaintiff class—"any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used"— closely tracks the language of § 2511(1)(a) but not the language of § 2512(1)(b). As the court in *Cardona* wrote:

> "[B]ecause § 2520(a) includes the particular language of the criminal offenses set forth in § 2511(1)(a), and excludes the language later employed in § 2512(1)(b) ... construing § 2520(a) to exclude from its private right of action the conduct proscribed in § 2512(1)(b) is consistent with the cannon of construction that where 'Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion and exclusion.' "

275 F.Supp.2d at 1368–69 (quoting *United States v. Saunders*, 318 F.3d 1257, 1264 (11th Cir.2003)); *see also DirecTV, Inc. v. Rajkovic*, No. 03 C 8057, 2004 WL 856465, at *3 (N.D.Ill. Apr. 21, 2004) (Darrah, J.).

The structure of the statute similarly lends itself to the conclusion that § 2520(a) does not contain an implicit private cause of action. Because Congress provided for criminal sanctions for violations of § 2512(1)(b), the court should be reluctant to read into the statute a private cause of action. *Love*, 310 F.3d at 1353. The same argument could be made about § 2511(1)(a), which is, of course, also a

criminal statute. However, § 2511(1)(a), which criminalizes the interception of communications, is aimed more at protecting particular victims, while § 2512(1)(b), which criminalizes possession of the instrumentalities of interception, is aimed more at benefiting the public as a whole by removing such devices from market. *Tandy,* 773 F.2d at 589; *Cardona,* 275 F.Supp.2d at 1368. Accordingly, it makes sense that § 2520(a) would create a private right of action to enforce § 2511(1)(a) but not § 2512(1)(b). Finally, as noted above, the legislative history of § 2520(a) provides no indication one way or the other as to whether it is intended to provide a private right of action to enforce § 2512(1)(b).

Based on the foregoing, the court concludes that § 2520(a) contains neither an express nor implicit private cause of action to enforce § 2512(1)(b). Accordingly, DIRECTV has not stated a claim upon which relief can be granted, and Baker's motion to dismiss is due to be granted as to count three of DIRECTV's complaint.

### C. 47 U.S.C.A. § 605(e)(4)

▪ Count four of DIRECTV's complaint alleges that Baker knowingly "manufactured, assembled, or modified an electronic, mechanical or other device or equipment knowing, or having reason to know, that the device or equipment is used primarily in the assistance of the unauthorized decryption of Satellite Programming, or direct-to-home satellite services, or is intended for any other prohibited activity" in violation of 47 U.S.C.A. § 605(e)(4).[5]

Section 605(e)(4) provides a criminal penalty for any person who

"who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by [605(a)]...."

Section 605(e)(3)(A) provides that "[a]ny person aggrieved by any violation of [§ 605(a)] or [605(e)(4)] may bring a civil action in a United States district court."[6]

In his motion to dismiss, Baker's argument is that " § 605(e)(4) also imposes only criminal liability, and nothing in the language suggests an intention to authorize multiplication of civil damages through this criminal provision."[7] In support of this claim, Baker cites *Comcast Cablevision of Philadelphia v. Roselli,* No. Civ.A. 96–2398, 1997 WL 36957 (E.D.Pa. Jan. 30, 1997) (Waldman, J.).

In *DIRECTV v. Cope,* 301 F.Supp.2d 1303, 1305 (M.D.Ala.2003), Chief Judge Albritton of this court addressed exactly this argument.[8] He first pointed out that "the *Comcast Cablevision* court's discussion of 'multiplication of statutory damages' concerns [47 U.S.C.A.] § 553, not § 605." 301 F.Supp.2d at 1305. Second, he wrote:

"To the extent [DIRECTV] is arguing that Count Four and Count One of the Complaint are impermissibly duplicative,

---

**5.** Complaint at 11.

**6.** In his motion to dismiss this claim, Baker acknowledges that § 605(e)(3)(A) authorizes DIRECTV to bring a private cause of action to enforce § 605(e)(4). This is also the conclusion reached by all the district courts that have considered the question. *See, e.g., DirecTV v. Tasche,* 316 F.Supp.2d 783, 785,

2004 WL 1040911, *2 (E.D.Wis.2004) (Griesbach, J.).

**7.** Defendant's motion to dismiss, etc., filed Dec. 1, 2003, at 4.

**8.** The plaintiff in *Cope* was represented by the same attorneys that represent Baker, and it appears that the attorneys filed the same motion in both cases.

the Complaint reflects that in Count Four the Plaintiff seeks to recover civil damages for violation of § 605(e)(4), and in Count One seeks to recover civil damages for violation of 605(a). Both of these avenues of relief are contemplated by the provision allowing for civil actions. *See* § 605(e)(3)(A). At this stage in the proceedings, therefore, the court cannot conclude that Count Four is due to be dismissed."

*Id.* This court finds no need to add to Chief Judge Albrittion's analysis. Accordingly, Baker's motion to dismiss will be denied with respect to count four.

### IV. Conclusion

For the above reasons, it is ORDERED as follows.

(1) Defendant Chad Baker's motion to dismiss, etc., filed on November 3, 2003 (doc. no. 5), is granted with respect to count three.

(2) Said motion is denied in all other respects.