**DIRECTV, INC., Plaintiff,**

v.

**Bobby CRAIG, et al., Defendants.**

No. 2:03–cv–818–F.

United States District Court,
M.D. Alabama,
Northern Division.

March 16, 2005.

Sara Anne Ford, Stewart Andrew Kelly, Lightfoot Franklin & White LLC, Birmingham, AL, for Plaintiff.

Coker Bart Cleveland, Jonathan Kenton Vickers, Cleveland & Vickers LLC, Birmingham, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

FULLER, Chief Judge.

Now pending before this Court is the motion for default judgment (Doc. # 26)

filed by the plaintiff DIRECTV, Inc., (hereinafter "DIRECTV") on December 2, 2004. By its motion, DIRECTV seeks a default judgment against the defendant Basil W. Thompson (hereinafter "Thompson"), an award of statutory damages in the amount of $20,000.00, and $850.00 in attorneys' fees and costs. A default was entered against Thompson on March 30, 2004. (Doc. # 15). Although given an opportunity to do so, Thompson has not objected to an entry of default judgment, and an award of damages and costs against him.[1]

Upon consideration of the motion and the affidavit submitted by DIRECTV, the Court concludes that the motion (Doc. # 26) is due to be GRANTED and a default judgment is due to be ENTERED against Thompson.

## I. BACKGROUND

DIRECTV is a California-based company that distributes satellite television programming to customers in the United States. To prevent the unauthorized reception and use of its programming, DIRECTV digitally scrambles its programming using encryption technology. DIRECTV's customers use satellite receivers and access cards to unscramble the programming. Access cards are the size of credit cards and contain chips that unscramble DIRECTV's satellite programming and monitor DIRECTV customers' pay-per-view programming purchases. To prevent the unauthorized use of access cards, DIRECTV periodically transmits streams of data that disable unauthorized access cards.

Although DIRECTV encrypts its television programming and disables unauthorized access cards, devices exist that allow individuals to circumvent DIRECTV's prophylactic efforts. These black market devices, known as pirate access devices, are readily available through Internet retailers. Pirate access devices use both hardware and software to restore the ability of disabled access cards to unscramble DIRECTV's programming.

On August 4, 2003, DIRECTV filed a Complaint against a number of defendants, including Thompson (Doc. # 1, Compl.).[2] In regard to defendant Thompson, DIRECTV alleges that on or about February 11, 2001, defendant Thompson purchased one or more pirate access devices from retailer Network 1. (Doc. # 1, Compl. at ¶ 21a, 21b). Specifically, DIRECTV alleges that Thompson purchased two pirate access devices, one known as a "UL–Pro WTBS" and another known as a "Blank Atmel Chip," from Network 1. (*Id.*). Based on these purchases, DIRECTV alleges that Thompson is liable for civil conversion and for violations of the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521, *et seq.*, and the Electronic Communications Policy Act of 1986, 18 U.S.C. §§ 2510, *et seq.*[3] The court's juris-

---

**1.** *See* Doc. # 27 (Order directing defendant to respond to the motion for default judgment and advising him that, if he fails to respond, the court will grant the relief sought in the motion); Doc. # 30 (Order directing Clerk of Court to mail copies of previous Orders to defendant and directing defendant to respond to motion for default judgment).

**2.** DIRECTV also named Bobby Craig and Frederick T. Portis as defendants in the Com-

plaint. Defendant Bobby Craig has appeared in this action and is providing a defense against DIRECTV's claims (Doc. # 22, Answer). On the other hand, Defendant Frederick T. Portis was dismissed from this action on April 19, 2004 (Doc. # 17).

**3.** DIRECTV brings claims against Thompson for violation of 47 U.S.C. § 605(a) (Count One), violation of 18 U.S.C. § 2511 (Count

diction has been properly invoked. 47 U.S.C. § 605(e)(3)(A); 28 U.S.C. §§ 1331 & 1367(a). As previously mentioned, Thompson has failed to answer or defend this lawsuit in any way.

## II. DEFAULT JUDGMENT STANDARD

According to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Rule 55(b)(1) provides for entry of judgment by default by the clerk of the court "[w]hen the plaintiff's claims against a defendant is for a sum certain or for a sum which can by computation be made certain," which is not the situation here. Rule 55(b)(2) states that "[i]n all other cases the party entitled to a judgment by default shall apply to the court therefore."

However, it is well-established that "a defendant's default does not in itself warrant the court entering a default judgment." *DIRECTV, Inc. v. Huynh*, 318 F.Supp.2d 1122, 1127 (M.D.Ala.2004) (Thompson, J.) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Natl'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)).

> There must be a sufficient basis in the pleadings for the judgment entered.... The defendant is not held to admit facts

that are not well-pleaded or to admit conclusions of law. In short, ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover.

*Id.* Accordingly, in ruling on the motion for default judgment the court must examine in further detail the defendant's liability under the causes of action alleged in the Complaint. Nonetheless, "[w]hether to grant a motion for default judgment is within the trial court's discretion." *Huynh*, 318 F.Supp.2d at 1127 (citing *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir.1985)).

## III. DISCUSSION

DIRECTV requests that this court enter a default judgment and award statutory damages against Thompson,[4] yet it has been inconsistent in explaining under which statute it seeks those damages. As previously mentioned, DIRECTV's Complaint alleges the violation of two statutes: the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521, *et seq.*, and the Electronic Communications Policy Act of 1986, 18 U.S.C. §§ 2510, *et seq.*[5] In its motion for default judgment, DIRECTV requests "$20,000.00 as statutory damages," but does not indicate the statute upon which it relies for such damages. (Doc. # 26). In its memorandum of law in support of the motion, DIRECTV argues that, based upon a request in its Complaint

Two), violation of 18 U.S.C. § 2512 (Count Three), 47 U.S.C. § 605(e)(4) (Count Four), and Civil Conversion (Count Five).

**4.** The court notes that the proposed Order of Final Default Judgment submitted by DIRECTV includes an award of injunctive relief and post-judgment interest. (Doc. # 26, Attach.3). As DIRECTV has not requested this relief in its motion for default judgment nor

addressed this issue in its memorandum of law in support of the motion, the court pretermits addressing such relief.

**5.** It is clear that DIRECTV does not seek default judgment damages on its state law conversion claim.

addressing the event of a default, it seeks damages only for the violations of the Electronic Communications Policy Act of 1986, 18 U.S.C. §§ 2510, *et seq.* (Doc. # 26, Attach. 1 at p. 2). The Complaint, however, contains no such "in the event of a default" request. (Doc. # 1, Compl.). Despite this mistaken belief, the court will hold DIRECTV to its request for statutory damages as made in its memorandum of law. Accordingly, the court will address solely DIRECTV's claims and request for relief under the Electronic Communications Policy Act of 1986, 18 U.S.C. §§ 2510, *et seq.*[6]

## A. The Electronic Communications Policy Act of 1986

In its Complaint, DIRECTV brings two claims against Thompson alleging violations of the Electronic Communications Policy Act of 1986, 18 U.S.C. §§ 2510, *et seq.*, (hereinafter "Electronic Communications Policy Act"). Count Two of the Complaint alleges a violation of 18 U.S.C. § 2511 and Count Three of the Complaint alleges a violation of 18 U.S.C. § 2512. As mentioned above, in order to rule on the motion for default judgment, the court must first examine Thompson's liability under the causes of action alleged in the Complaint. *Nishimatsu, supra.* The

court thus turns to address the sufficiency of these claims against Thompson and DIRECTV's alleged entitlement to damages based upon these claims.

### 1. Count Two: 18 U.S.C. § 2511

■ Count Two of the Complaint alleges a violation of 18 U.S.C. § 2511. This section of the Electronic Communications Policy Act refers to "any person who intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication...." 18 U.S.C. § 2520 states that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520(a).[7] In Count Two of the Complaint, DIRECTV alleges that Thompson "intentionally intercepted, endeavored to intercept, or procured other persons to intercept electronic communications from DIRECTV." (Compl. at ¶ 35). Further, DIRECTV alleges that Thompson "disclosed or endeavored to disclose to others" the intercepted communications and "intentionally used or endeavored to use" the intercepted communications. (*Id.*). The

6. Even assuming *arguendo* that DIRECTV seeks statutory damages under the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521, *et seq.*, the court exercises its discretion to award no damages to DIRECTV under that statute. *See* 47 U.S.C. § 605(e)(3)(B)(ii). As DIRECTV will receive a judgment against Thompson for his violation of 18 U.S.C. § 2511, a violation premised on the same underlying conduct, the court finds that an award of damages under 47 U.S.C. § 605 would be exorbitant.

7. It is clear from the plain language of § 2520(a) that it provides a private right of

action to enforce § 2511(1)(a). This court has previously considered the question of whether a private right of action exists for the enforcement of violations of § 2511(1)(a) and held that a plaintiff whose communication has been intercepted in violation of § 2511(1)(a) can bring a private civil suit to enforce § 2511(1)(a)'s prohibition on such interception against the person who allegedly intercepted the communication. *See e.g., DIRECTV, Inc. v. Baker,* 318 F.Supp.2d 1113, 1116 (M.D.Ala.2004) (Thompson, J.); *DIRECTV, Inc. v. Childers,* 274 F.Supp.2d 1287, 1288 (M.D.Ala.2003) (Albritton, J.).

court finds that DIRECTV has adequately alleged that Thompson intercepted and used its electronic communication in violation of § 2511. Further, the court finds that Thompson, by his default, has admitted these allegations and admitted his liability for a violation of § 2511.

### 2. *Count Three: 18 U.S.C. § 2512*

■ Count Three of the Complaint alleges a violation of 18 U.S.C. § 2512. Count Three attempts to state a private cause of action pursuant to § 2520(a) for an alleged violation of § 2512(1)(b). However, the Eleventh Circuit Court of Appeals recently addressed this very issue and held that § 2520(a) does not provide a private cause of action against a person who possesses a device in violation of § 2512(1)(b). *See DirecTV, Inc. v. Treworgy*, 373 F.3d 1124 (11th Cir.2004) (holding that 18 U.S.C. § 2512 does not create a private right of action against one who merely possesses a device to pirate satellite signals and questioning whether a "case" or "controversy" would exist by "[p]ossession of a pirate access device alone"). Indeed, this court has published several decisions in which it held that § 2520 does not create a private right of action for alleged violations of § 2512(1)(b) and dismissed claims identical to those in this action. *See, e.g., Baker*, 318 F.Supp.2d at 1116–1120 (holding that the language of § 2520(a) does not provide an explicit private right of action for a violation of § 2512(1)(b)); *Childers*, 274 F.Supp.2d at 1289–89 (same). Accordingly, DIRECTV does not allege a proper ground for relief, and thus default judgment is not proper against Thompson on this count. *See Huynh*, 318 F.Supp.2d at 1129 (noting that § 2520(a) does not create a private right of action to enforce § 2512(1)(b) and finding default judgment inappropriate for that claim).

### B. *Statutory Damages*

■ Having found that Thompson, by his default, is liable to DIRECTV for violation of § 2511, the court must determine the damages, if any, to be awarded. In this case, DIRECTV has moved for statutory damages "in the amount of $20,000.00" in accordance with 18 U.S.C. § 2520. Pursuant to § 2520, in a violation of § 2511, "court may assess as damages whichever is the greater of (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or (B) statutory damages of whichever is the greater of $100.00 a day for each day of the violation or $10,000.00." 18 U.S.C. § 2520(c)(2). This court has discretion to award damages under § 2520(c)(2). *DIRECTV v. Brown*, 371 F.3d 814 (11th Cir.2004).[8]

As DIRECTV has opted for statutory damages, the court turns to consider the factors which guide its discretion. The following facts are often considered by courts exercising their discretion under § 2520(c)(2):

(1) whether the defendant profited by his violation; (2) whether there was any

---

**8.** Various courts are in disagreement as to whether a district court has discretion not to award statutory damages in violation of § 2511. However, this court faces no discord. The Eleventh Circuit addressed this particular issue in *DIRECTV, Inc. v. Brown*, 371 F.3d 814 (11th Cir. May 28, 2004), holding that a district court has the discretion not to award liquidated damages under § 2520(c)(2). Notwithstanding, "the court, if it decides to award damages, has no discretion as to the amount." *Huynh*, 318 F.Supp.2d at 1132.

evidence that the defendant actually used his pirate access devices; (3) the extent of DIRECTV's financial harm; (4) the extent of the defendant's violation; (5) whether the defendant had a legitimate reason for his actions; (6) whether an award of damages would serve a legitimate purpose; and (7) whether the defendant was also subject to another judgment based on the same conduct.

*Huynh,* 318 F.Supp.2d at 1132 (citations omitted).

Considering the circumstances of this case, and in light of the court's options under 18 U.S.C. § 2520(c)(2) ("whichever is the greater of $100.00 a day for each day of the violation or $10,000.00."), the court finds that a statutory damages award of $10,000.00 is just. DIRECTV has not introduced any evidence that Thompson profited by his violation nor actually used his pirate access devices. No information has been provided as to DIRECTV's actual damages nor the extent of its financial harm. Moreover, no information is available to the court regarding the extent of Thompson's violation as there is no evidence establishing the duration nor how many days he actually intercepted communications in violation of § 2511. In the absence of such information or evidence, the $100–per–day formula is inapplicable.

■ Further, Thompson's default has caused the question of whether he had a legitimate reason for his actions to remain a mystery. Although "it can hardly be contested that pirate access devices rarely serve a legitimate purpose beyond stealing satellite signals," *Meinecke,* 2004 WL 1535578, at * 3, the court will not engage in speculation as to why Thompson bought the devices. *Cf. Directv v. Griffin,* 290 F.Supp.2d 1340, 1348 (M.D.Fla.2003) (defendant who bought devices to use in his business testing home security systems had a legitimate reason for buying devices). Rather, the court will rely on the record before it which, of course, is devoid of any explanation as to Thompson's reasoning. Finally, an award of damages will serve the legitimate purpose of providing compensation to DIRECTV for Thompson's violations and deterring future satellite television pirates. In reaching this conclusion, the court is mindful that in similar cases other courts have found $10,000.00 in damages for violations of § 2511 to be the presumed award. *See e.g., DirecTV v. Kaas,* 294 F.Supp.2d 1044, 1048 (N.D.Iowa 2003) ("the presumptive award of damages is $10,000 when there is no evidence of actual damages or duration of the violation"); *DirecTV v. Meinecke,* 2004 WL 1535578, *3 (S.D.N.Y. July 9, 2004) (same). Accordingly, the court exercises its discretion to award damages in the amount of $10,000.00 against Thompson.[9]

### C. Attorneys' Fees

DIRECTV also seeks an award of reasonable attorneys' fees and other litigation

---

**9.** Interestingly, the court notes that DIRECTV requested $20,000.00 in statutory damages under § 2520(c)(2). In its memorandum of law, DIRECTV argues that it should be awarded $10,000.00 per device possessed and used by Thompson (Doc. # 26, Attach.1). Because it alleges that Thompson purchased and used two devices, DIRECTV seeks the sum of $20,000.00. The court finds this argument wholly implausible. The plain language of § 2520(c)(2) provides that damages in the amount of $10,000.00 is not subject to mathematics. *See* 18 U.S.C. § 2520(c)(2)(B) ("whichever is the *greater of* $100.00 a day for each day of the violation *or* $10,000.00.") (emphasis added). Rather, "[t]he $10,000 in contrast, stands alone, and is not accompanied by any language authorizing multiplication 'per violation.'" *Dorris v. Absher,* 179 F.3d 420, 428 (6th Cir.1999) (citing 18 U.S.C. § 2520(c)(2)(B)). *See DirecTV v. Christomos,* 2004 WL 2110700 (D.Or. Sep.20, 2004) (court

costs in accordance with 18 U.S.C. § 2520(b)(3). Under this section, DIRECTV may be awarded a "reasonable attorney's fee and other litigation costs reasonably incurred." 18 U.S.C. § 2520(b)(3). DIRECTV submitted an affidavit from its attorney S. Andrew Kelly, accompanied by time records, indicating that DIRECTV has incurred attorneys' fees and costs of $319.72 [10] in litigating this action (Doc. #28, Kelly Aff.). This amount differs remarkably from the $850.00 award that DIRECTV requested in its motion for default judgment and contemporaneously filed memorandum of law. DIRECTV makes no attempt to explain the discrepancy. It would be inequitable at this point to award DIRECTV attorneys' fees and costs in an amount greater than-to wit, DIRECTV seeks an amount *nearly three times* as large as— the amount it *actually* incurred. Indeed, there simply is no support in the submitted time records, nor in the record as a whole, for such a large award of attorneys' fees.[11] Therefore, the court will award the *actual* amount of fees and costs incurred by DIRECTV in this action: $319.72.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that the motion for default judgment (Doc. #26) is GRANTED.

An appropriate judgment will be entered in accordance with this Memorandum Opinion and Order.

### FINAL JUDGMENT

In accordance with the prior proceedings, opinions, and orders of the court, and because there is no just reason for delay, it is the ORDER, JUDGMENT, and DECREE of the Court that:

1. Judgment by default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure is hereby entered in favor of the Plaintiff and against Defendant Basil W. Thompson on Count Two of the Complaint.

2. The Plaintiff shall have and recover the sum of $10,000.00 in statutory damages from Defendant Basil W. Thompson for violation of 18 U.S.C. § 2511 of the Electronic Communications Policy Act.

3. The Plaintiff shall have and recover the sum of $319.72 in attorneys' fees and costs from Defendant Basil W. Thompson.

Pursuant to Federal Rules of Civil Procedure 54(b) and 58, the Clerk of the

has discretion to award damages under § 2520, but if it chooses to do so it must award the greater of $100 a day for each day of violation or $10,000).

10. This $319.72 includes $259.00 in legal fees and $60.72 in costs (Kelly Aff. at ¶ 3). DIRECTV explains that this $319.72 amount "does not include fees and costs incurred prior to November 10, 2003, and includes fees and costs incurred through November 30, 2004." (*Id.*).

11. An award of attorneys' fees and costs of this magnitude would certainly be unconscionable in this case as the memorandum of law is replete with inaccuracies. For example, this memorandum, which is barely five pages in length and according to the time records took 1.30 hours to complete, asserts that the Complaint contains allegations that Thompson purchased the two pirate access devices from "DSS Pro." To the contrary, the Complaint alleges that Thompson purchased the devices from Network 1. In addition, as discussed above, the memorandum of law erroneously maintains that the Complaint includes a provision addressing the relief sought in the event of a default. The court's conclusion is inescapable. Accordingly, an award of attorneys' fees and costs in the amount of $850.00 certainly is not reasonable in this case.

Court is DIRECTED to enter this document on the civil docket as a final judgment as to Plaintiff's claims against Defendant Basil W. Thompson.